FRED LICHTMACHER, ESQ.
By: Fred Lichtmacher, Esq. (FL 5341)
Co-Counsel for Plaintiffs
350 Fifth Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

LAW OFFICE OF BRADLEY D. SCHNUR, ESQ. PC
By: Bradley D. Schnur, Esq. (BDS 2847)
Co-Counsel for Plaintiffs
380 North Broadway, Suite 203
Jericho, New York 11753
(516) 932-4400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BENJAMIN DARYLE DANKO OLDHAM
a/k/a DARYLE OLDHAM a/k/a DARRYL
OLDHAM and JOHNNIE R. SIMMONS, JR.,
a/k/a JOHNNY SIMMONS

09 CV 7385 (LMM)
ECF CASE

                        Plaintiffs,                    **COMPLAINT**

        -against-

UNIVERSAL MUSIC GROUP, UNIVERSAL
MUSIC PUBLISHING, INC., INTERSCOPE
RECORDS, INC., RUFF RYDERS ENTERTAINMENT, INC.,
JASON PHILLIPS p/k/a JADAKISS,
ANTHONY HAMILTON, SANCTUARY GROUP, PLC,
ERVING WONDER LLC, B.A.R. ENTERTAINMENT
MANAGEMENT, INC. JOHN DOES 1-20,
and XYZ Corporations 1-20.
                        Defendant(s).              **JURY TRIAL DEMANDED**

-----------------------------------------------------------X

        The plaintiffs, complaining of the defendants, by their attorneys, FRED LICHTMACHER,

and BRADLEY D. SCHNUR, ESQ. respectfully show to this Court and allege:

-1-

## JURISDICTION and VENUE

1. Subject matter Jurisdiction is founded upon the existence of a Federal Question.

2. This Court has supplemental jurisdiction to adjudicate plaintiffs' claims arising under state law pursuant to 28 USC § 1367.

3. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2),(c) as well as pursuant to 28 U.S.C. §1400 (a) in that this is an action arising under an Act of Congress relating to copyrights and in that this is a district in which a Defendant or his agent resides or may be found.

5. That this action is brought pursuant to the Copyright Act 17 USC § 100 et seq.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

7. That an award of attorney's fees is appropriate pursuant to 17 U.S.C.§505.

8. That the defendants are jointly and severally liable for the infringement of plaintiffs' copyrights.

## THE PARTIES

9. That plaintiff, BENJAMIN DARYLE DANKO OLDHAM a/k/a DARYLE OLDHAM a/k/a DARRYL OLDHAM ("Oldham"), a musician composer, songwriter and performer, is a citizen of the United States, a resident of Concord, North Carolina and Oldham is professionally known as "Baby Boy."

10. That plaintiff, JOHNNIE R. SIMMONS, JR. a/k/a JOHNNY SIMMONS ("Simmons"), a musician composer, songwriter and performer is a citizen of the United States, he is a

resident of Virginia Beach, Virginia and he is professionally known as "C-Hustle."

11.   Upon information and belief, defendant UNIVERSAL MUSIC GROUP ("UMG") is a Delaware Corporation authorized to transact business in the State of New York.

12.   Upon information and belief, UMG discovers, develops, markets and distributes recorded music through a network of subsidiaries, joint ventures and licensees in seventy seven (77) countries and also sells and distributes music video and DVD products, and licenses recordings.

13.   Upon information and belief, defendant INTERSCOPE RECORDS, INC. ("Interscope") is a Delaware Corporation authorized to transact business in the State of New York. Upon information and belief, Interscope is a record label owned by UMG.

14.   Upon information and belief, defendant RUFF RYDERS ENTERTAINMENT, INC. ("Ruff Ryders") is a New York state corporation. Upon information and belief, Ruff Ryders is a record label and management company specializing in "hip-hop" music.

15.   Upon information and belief, defendant JASON PHILLIPS is an individual who resides in the State of New York and who is entertainer who performs music under the professional name "JADAKISS."

16.   Upon information and belief JADAKISS is an artist of Ruff Ryders whose music has been recorded, distributed and/or otherwise exploited by UMG and Interscope.

17.   Upon information and belief, defendant ANTHONY HAMILTON ("Hamilton") is an individual who resides in the United States and who is an entertainer who performs music and who, upon information and belief, has performed with JADAKISS including in the work complained of herein.

18. Upon information and belief, defendant ERVING WONDER LLC ("EWM") is a Pennsylvania Limited Liability Company. Upon information and belief, EWM is in the business of, among other things, the representation of musical artists.

19. Upon information and belief, defendant SANCTUARY GROUP, PLC ("SANCTUARY") is a foreign corporation from the United Kingdom (UK) which transacts business in this state and district.

20. Upon information and belief, SANCTUARY is the UK's largest independent record company. Upon information and belief, SANCTUARY acquired control of part or all of ("EWM") in 2004. Upon information and belief, in 2004 EWM and Sanctuary were representing JADAKISS.

21. Upon information and belief, defendant B.A.R. ENTERTAINMENT MANAGEMENT, INC. ("B.A.R.") is a New York Corporation involved in the management and development of, among other things musical artists and performers and that B.A.R. was the former management company for JADAKISS which upon information and belief, is one of the management companies behind the evolution of RUFF RYDERS ENTERTAINMENT.

22. Upon information and belief, John Doe Defendants 1-20 are individuals responsible for the recording, performance and various other acts related to the infringement of Plaintiffs' rights, the identities of whom are unknown to plaintiffs.

23. Upon information and belief, Defendants XYZ Corporations 1-20 are either doing business in or are engaged in the transaction of business within this judicial district the identities of which are currently unknown to plaintiffs.

## STATEMENT OF FACTS

24.   The plaintiffs are the co-creators, authors and original copyright holders of The Lyric
      juxtaposed with licensed music together encompassing a song entitled "Thugz Prayer,"
      having collaborated in the creation of The Lyric in late 2003 and early 2004.

25.   The Lyric addresses social issues of our time.

26.   A sound recording of "Thugz Prayer" ("The Lyric" with music, i.e., "The Work" or
      "Copyrighted Work") was sent by Plaintiffs to the United States Copyright Office for
      filing and registration on or about March 30, 2004 and the plaintiffs received their formal
      registration from the United States Copyright Office on April 15, 2004.

27.   "The Work" was given a registration number of SRu545-307 (Exhibit "A").

28.   In or about April 2004, Simmons spoke with Copeland of B.A.R. to discuss and inquire
      as to whether B.A.R. would represent Simmons and "Thugz Prayer."  Copeland stated
      that he loved the song and the video concept and would give Simmons advice "behind the
      scenes" but would not be able to give a "full commitment" to assisting Simmons due to
      his other commitments.

29.   Thereafter, in or about April 2004, Simmons contacted Julius Erving, III (Erving) of
      EWM to discuss EWM's possible representation of Simmons as a musical performing
      artist, including promotion of "The Work."

30.   During the aforementioned contact, Simmons discussed "The Work" with Erving and
      EWM and at the request of Erving, Simmons sent Erving and EWM a copy of "The
      Work."

31.   Shortly thereafter, EWM notified Simmons that EWM was not looking for anything like
      "The Work" at that time, nor were they seeking to add new artists such as Simmons to

their roster.

32. Subsequent to EWM declining to represent Simmons or promote "The Work," Simmons was listening to the radio when he heard JADAKISS, a client of EWM and SANCTUARY, performing a song along with HAMILTON, entitled "Why" which contained substantial similarities to "The Lyric."

33. SIMMONS contacted EWM/SANCTUARY which refused to take SIMMONS' calls.

34. SIMMONS also later learned that JADAKISS appeared in a music video for "Why" which again mirrored a written music video treatment SIMMONS first presented to Ray Copeland of B.A.R and Julius Erving, III in 2004.

35. OLDHAM, while working in Seoul, Korea, learned of "Why" while he was conducting unrelated research on HAMILTON who was an artist from his hometown in North Carolina.

36. OLDHAM recognized The Lyric in "Why" to be substantially similar to those contained in "The Work" he, along with SIMMONS co-created.

37. At no time did either SIMMONS or OLDHAM ever give any of the defendants, or any third party, permission, authority or license to utilize their Lyric or copyright to "The Work."

38. Upon information and belief, when "Why" first debuted, the JADAKISS "Kiss of Death" album, which features "Why," sold over 500,000 copies in its first month, appeared on the "Billboard 100" and was performed on the MTV video awards.

39. Since its 2004 debut, "Why" and the "Kiss of Death" album have sold millions of copies, soared to number one on the "Billboard 100" and "Kiss of Death" has been designated a

"multi-platinum" album and its "ringtones" sales have also reached platinum status.

40.   To this date, "Why" continues to be performed and/or disseminated in various media throughout the world including radio, television, internet, ringtones, digital downloads, CDs, DVDs, video cassettes, and mp3 form and each transmission of "Why" continues to infringe on Plaintiffs' rights.

41.   That on or about May 19, 2009, the Plaintiffs by counsel sent a cease and desist letter to defendant UMG.

42.   Despite being notified of the infringement, defendant UMG and all defendants have failed to discontinue infringing on plaintiffs' copyright.

43.   As a result of the defendants' conduct, plaintiffs have been and continue to be harmed.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## COPYRIGHT INFRINGEMENT

44.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45.   Plaintiffs are the authors to the Copyright to "The Lyric" contained in the sound recording of the song "Thugz Prayer" (The "Work").

46.   Plaintiffs have registered their claims of copyright which was issued Copyright registration number of SRu545-307 (Exhibit "A").

47.   Upon information and belief, defendants' infringements of plaintiffs' copyrights in the Copyrighted Work was committed willfully (as defined in 17 USC 504(c)(2)) and that at all times herein defendants were aware of and had reason to believe that their acts constituted infringement of plaintiffs' copyrights.

-7-

48.   That the plaintiffs have placed defendants on notice (Exhibit "B"), yet defendants continue to willfully infringe on plaintiffs' copyrights.

49.   The defendants and/or their agents, servants and/or employees had access to the plaintiffs' work prior to the completion and publication of "Why."

50.   In 2004, Mr. Simmons submitted a sound recording containing original music recordings of "The Work" to parties affiliated with JADAKISS, including to the office of Erving Wonder Management, Julius Erving, III, the manager at the time for JADAKISS and to B.A.R Entertainment, in the months prior to the debut of "Why."

51.   Beginning in or about June 2004, after receiving copies of "The Work," the defendants published, exploited, promoted, and/or marketed the song "Why" performed by JADAKISS and HAMILTON.

52.   "Why" is substantially similar to "The Work" and it infringes upon plaintiffs' copyright, with a substantially similar lyric.

53.   Throughout "Why," there are sentences which are substantially similar to those in "The Lyric."

54.   Defendants, and/or their agents, servants and/or employees, without either plaintiff's permission or authority as owners of all rights the "The Lyric" have created, published and distributed a musical composition and/or sound recordings which are substantially similar to plaintiffs' copyrighted work.

55.   That the plaintiffs have not been paid for the use of "The Work," nor have plaintiffs granted a license, or any other permission or authority to the defendants, their servants, agents or any other third party to utilize plaintiffs' copyrighted materials.

56.   Defendants individually and collectively infringed, directly or indirectly, one or more of plaintiffs' exclusive rights of copyright for musical compositions and for sound recordings as set forth in Section 106 of the United States Copyright Act.

57.   By reason of defendants' infringement of plaintiffs' rights of copyright, plaintiffs have incurred actual damages in that they have been deprived of revenues and profits attributable to said infringements, the specific amount of which has yet to be ascertained and that the plaintiffs are also entitled to an award of statutory damages.

58.   That by reason of the aforesaid, the plaintiffs have been damaged in a sum in excess of THREE MILLION DOLLARS ($3,000,000.00) DOLLARS; and that an award of attorney's fees is appropriate pursuant to 17 USC § 505.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## PRELIMINARY INJUNCTION

59.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

60.   That due to defendants' infringing on the plaintiffs' work, plaintiffs are continuing to incur ongoing harms.

61.   That the plaintiffs are entitled to a Preliminary Injunction temporarily and preliminarily restraining and enjoining all defendants, their employees, agents, officers, representatives, successors, assigns, and all those in active concert or participation with them, against further infringement of the "The Work", including the direct or indirect copying, manufacturing, distributing, selling, performing, advertising, promoting or using in any

manner of the infringing musical composition and sound recording or any derivative works thereof; preventing defendants from continuing to infringe on their rights as well as a hearing at which plaintiffs are likely to prevail and that an award of attorney's fees is appropriate pursuant to 17 USC § 505.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**PERMANENT INJUNCTION**

62.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

63.   That due to defendants' infringement of the plaintiffs' work, plaintiffs are continuing to incur ongoing harms.

64.   That the plaintiffs are entitled to a Permanent Injunction pursuant to 17 USC § 502 permanently restraining and enjoining all defendants, their employees, agents, officers, representatives, successors, assigns, and all those in active concert or participation with them, against further infringement of the Copyrighted Song, including the direct or indirect copying, manufacturing, distributing, selling, performing, advertising, promoting or using in any manner of the infringing musical composition and sound recording or any derivative works thereof and that an award of attorney's fees is appropriate pursuant to 17 USC § 505.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**AN ACCOUNTING**

65.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

-10-

66.   That due to defendants' infringing on the plaintiffs' work, plaintiffs are continuing to
      incur ongoing harms.

67.   That the plaintiffs are entitled to an accounting of all misappropriations of "The Work"
      by the defendants and that an award of attorney's fees is appropriate pursuant to 17 USC §
      505.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFFS**</u>
<u>**IMPOUNDMENT**</u>

68.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior
      paragraphs with the same force and effect as is more fully and at length set forth herein.

69.   That the plaintiffs are entitled to an impoundment of all copies of the infringing song,
      "Why" pursuant to 17 USC § 503 and that an award of attorney's fees is appropriate
      pursuant to 17 USC § 505.

<u>**AS AND FOR A SIXTH CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFFS**</u>
<u>**LANHAM ACT UNFAIR COMPETITION**</u>

70.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior
      paragraphs with the same force and effect as is more fully and at length set forth herein.

71.   Plaintiff's are artists, writers and performers and have expended substantial amounts of
      their time and resources to "The Work" in this and other states.

72.   Defendants' exploitation of "Why" is likely to cause confusion, mistake, or deception by
      misleading consumers and the trade that Plaintiffs licensed or otherwise authorized the
      use of "The Work," or components thereof including The Lyric or that "Why" is
      otherwise endorsed by plaintiffs.

73.   Defendants' conduct is in willful and deliberate violation of Section 43(a) of the Lanham
      Act, 15 U.S.C. §1125(a)(1)(A) and has damaged plaintiffs.

74.   Defendants have profited and continue to profit from their unlawful conduct and will,
      unless restrained, further impair Plaintiffs' goodwill and reputations and plaintiffs will
      suffer irreparable injury which cannot be adequately calculated or compensated solely via
      money damages.

75.   Plaintiffs have no adequate remedy at law.

76.   By reason of the foregoing, plaintiffs are entitled to, *inter alia,* a permanent injunction
      enjoining defendants from continuing the aforesaid acts.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**UNFAIR COMPETITION AND MISAPPROPRIATION**
**UNDER STATE LAW**

77.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior
      paragraphs with the same force and effect as is more fully and at length set forth herein.

78.   Defendants deliberately have sought to capitalize on plaintiffs' and "The Work"'s
      reputation and goodwill in willful and wanton disregard of plaintiffs' rights therein.
      Defendants' acts constitute a misappropriation of plaintiffs' labor and expenditures and
      constitute an attempt by defendants to trade upon the reputation and goodwill of plaintiffs
      and "The Work."

79.   The foregoing acts and conduct of the defendants constitute a misappropriation and
      invasion of plaintiffs' property rights in and to "The Work" and constitute
      misappropriation and unfair competition under state statutory and common law.

80.   Defendants have profited and continue to profit from their unlawful conduct and will,

unless restrained, further impair plaintiffs' and "The Work"'s goodwill and reputations and plaintiffs will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

81.   Plaintiffs have no adequate remedy at law.

82.   By reason of the foregoing acts, plaintiffs are entitled to a permanent injunction enjoining defendants from continuing such acts.

83.   Through their conduct, defendants have acted knowingly, recklessly and with malice and the plaintiffs are, in addition to their actual damages, by reason thereof, entitled to recover exemplary and punitive damages against defendants.

**AS AND FOR A EIGHTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**EQUITABLE RELIEF**

84.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

85.   That the plaintiffs are entitled to an Order requiring defendants to credit plaintiffs as writers of The Lyric on all album covers, inserts, and publications listing any musical credits for "Why" or any derivative work thereof and that an award of attorney's fees is appropriate pursuant to 17 USC § 505.

**WHEREFORE** Plaintiffs demand judgment against the defendants in the form of:

a.   On Plaintiffs' First Cause of Action in a sum to be determined at trial, in excess of THREE MILLION DOLLARS ($3,000,000.00) DOLLARS; and an award of attorney's fees and full costs pursuant to 17 USC § 505;

b.   On Plaintiffs' Second Cause of Action a Preliminary Injunction and an award of

attorney's fees and full costs pursuant to 17 USC § 505;

c. On Plaintiffs' Third Cause of Action a Permanent Injunction and an award of attorney's fees and full costs pursuant to 17 USC § 505;

d. On Plaintiffs' Fourth Cause of Action an accounting of all misappropriations of "The Work" by the Defendants and an award of attorney's fees and full costs pursuant to 17 USC § 505;

e. On Plaintiffs' Fifth Cause of Action an impoundment of all copies of the infringing song, "Why" pursuant to 17 USC § 503 and an award of attorney's fees pursuant to 17 USC § 505;

f. On Plaintiffs' Sixth Cause of Action a declaration that the Defendants' actions constitute a violation fo section 43(a) of the Lanham Act 15 U.S.C. §1125(a)(1)(A) with damages to be determined at trial.

g. On Plaintiffs' Seventh Cause of Action a declaration that Defendants' actions constitute a violation of state and common law unfair competition and misappropriation, with damages to be determined at trial.

h. On Plaintiffs' Eighth Cause of Action an Order requiring Defendants to credit plaintiffs as writers of The Lyric on all album covers, inserts, and publications listing any musical credits for "Why" or any derivative work thereof and an award of attorney's fees and full costs pursuant to 17 USC § 505; and

Dated: New York, New York
     August 11, 2009

                      /s/ Bradley D. Schnur
                    BRADLEY D. SCHNUR (BDS-2847)
                    Law Office of Bradley D. Schnur, Esq. PC
                    Co-counsel for Plaintiffs
                    380 North Broadway, Suite 203
                    Jericho, New York 11753
                    (516) 932-4400

                      /s/ Fred Lichtmacher
                    FRED LICHTMACHER (FL-5341)
                    Co-counsel for Plaintiffs
                    The Empire State Building
                    350 Fifth Avenue Suite 7116
                    New York, New York 10118
                    (212) 922-9066

# EXHIBIT "A"

Case 1:09-cv-03385-LMM Document 1 Filed 03/21/09 Page 17 of 21

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



*Marybeth Peters*

Register of Copyrights, United States of America

SR 145-397

**EFFECTIVE DATE OF REGISTRATION**

| Month | Day | Year |
|-------|-----|------|
| 4 | 15 | 04 |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE...

**1**

**TITLE OF THIS WORK ▼**
THUGZ PRAYER

**PREVIOUS OR ALTERNATIVE TITLES ▼**
PRAY

**NATURE OF THIS WORK ▼ See Instructions**
WORDS + MUSIC

**2 a**

**NAME OF AUTHOR ▼**
JOHNNY SIMMONS

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1966   Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ UNITED STATES of AMERICA
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☑ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
WROTE LYRICS CREATED CONTENT AND TITLE and PERFORMED

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**
DARRYL OLDHAM

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ United States of America
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☑ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
PERFORMED CO WROTE LYRICS AND ARRANGED HOOK AND SONG all PARTS

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a work made for hire?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**3 a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given
2003 ◀ Year in all cases.

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶   ◀ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
JOHNNY SIMMONS
8739 King & Queen DRIVE
RICHMOND, VA 23223

See instructions before completing this space

**APPLICATION RECEIVED**
APR 15 2004
**ONE DEPOSIT RECEIVED**
APR 15 2004
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

Case 1:09-cv-07385-LMM   Document 1   Filed 08/21/09   Page 18 of 21

CORRESPONDENCE ☐ Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is "no," go to space 7

a ☐ This is the first published edition of a work previously registered in unpublished form.

b ☐ This is the first application submitted by this author as copyright claimant.

c ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes" give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

**6**

See instructions before completing this space

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

OR → ATTORNEY BRadley SCHNUR
516 932 4400

JOHNNY Simmons
3739 KingdQueen DRive
RICHMOND, VA 23223

**b**

Area code and daytime telephone number ▶ ( 757 ) 2286869          Fax number ▶ ( 516 ) 932 9195

Email ▶ BDSCHNUR @ aol.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼  If this application gives a date of publication in space 3, do not sign and submit it before that date.

JOHNNY RobInson Simmons, JR.          Date ▶ 3/30/04

Handwritten signature (X) ▼

☞ X  _Johnny R Simmons Jr_

Certificate will be mailed in window envelope to this address

Name ▼
JOHNNY RobInson Simmons JR.

Number/Street/Apt ▼
3739 King + Queen DRive

City/State/ZIP ▼
RICHMOND VA 23223

**9**

Complete all necessary spaces
Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999 the filing fee for Form PA is $30

17 U.S.C. § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

August 2000—200,000          ♻ PRINTED ON RECYCLED PAPER          ✩U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/20 003

EXHIBIT "B"

# LAW OFFICES OF BRADLEY D. SCHNUR

Bradley D. Schnur
(Admitted in NY, DC)
bschnur@bdslawoffice.com

Website
www.bdslawoffice.com

Of Counsel:
Fred Lichtmacher, Esq.

May 29, 2009

Universal Music Group
Legal Department
1755 Broadway
New York, New York 10019
*Via Federal Express and Fax (212) 331-2580*

Re: "Why" (*by* Jadakiss, *featuring* Anthony Hamilton)

To Whom It May Concern:

This office represents Messrs. Daryle Oldham and Johnnie R. Simmons, Jr. ("Clients"). It has come to our Clients' attention that you have made an unauthorized use of the lyrics contained in their copyrighted work entitled "Thugz Prayer" (the "Work") in a song entitled "Why" (*by* Jadakiss, *featuring* Anthony Hamilton). Our Clients have reserved all rights in the Work, and have a duly registered the copyright to the Work.

"Why" contains constituent elements of the Work that are original and which republishes original content from "Thugz Prayer," to wit, there is a substantial similarity, which is more than *de minimis,* between my Clients' lyrics and the lyrics from "Why."

Universal Music Group, among others, has neither asked for nor received permission to use these protected elements, nor to make or distribute copies, including electronic copies, of same and as a result it is believed that you have willfully infringed our Clients' rights under 17 U.S.C. §101 et seq.

We demand that you immediately cease the use and distribution of all infringing elements derived from the Work, and all copies of it, including electronic copies of same, and that you desist from this or any other infringement of my Clients' rights in the future, and specifically:

1.  Cease and desist from the actual or intended distribution, reproduction, public performance or other exploitation of "Why" (in its original form and any other forms including remixes, etc.) and any other unauthorized uses of elements of the Work or any other sound recordings owned and/or controlled by my Clients;

2.  Provide my Clients with an accounting of all units of product containing "Why" (including, but not limited to, singles, LP's, ring tones, etc.) on a

*Oldham/Simmons –adv– Universal, et al.*                                                    *Page 2*

global basis that have been distributed either physically or digitally, and of all instances of public performances of "Why";

3.  Identify the names and addresses of any third parties who have supplied you with material for "Why" or who are otherwise involved in the unauthorized production, distribution, reproduction, public performance, or other exploitation my Clients' lyrics;

4.  Preserve any and all documents and records relating to this matter, including but not limited to electronic data and other information which may be relevant/discoverable in the event of litigation.

If you do not immediately remove the copyrighted material from distribution and all forms of dissemination, and notify the undersigned or my colleague Fred Lichtmacher, Esq., in writing within fifteen (15) days from the date of this letter, that you have done so my Clients will be forced explore what legal options are available for them to address this situation.

Please be advised that this letter is not and is not intended to be a complete statement of the facts or law as they may pertain to this matter.  As such, please be further advised that until such time that this matter is resolved to the satisfaction of my Clients, this communication is sent to you without any waiver of all of my Clients' rights and remedies, all of which are expressly reserved.  Be guided accordingly.

Sincerely,

*COPY*
Bradley D. Schnur, Esq.

cc:     Mr. D. Oldham
        Mr. J. Simmons, Jr.
        File

BDS/sm