UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

BENJAMIN DARYLE DANKO OLDHAM, a/k/a:
DARYLE OLDHAM a/k/a DARRYL OLDHAM
and JOHNNIE R. SIMMONS, JR.,          :
a/k/a JOHNNY SIMMONS,
                                      :
                 Plaintiffs,          :     09 Civ. 7385 (LMM)

        - against -                   :     <u>MEMORANDUM AND ORDER</u>

UNIVERSAL MUSIC GROUP, <u>et al.</u>,      :

                 Defendants.          :

------------------------------------x

McKENNA, D.J.,

### 1.

        In this action, plaintiffs allege, principally, that UMG
Recordings, Inc. (incorrectly named as "Universal Music Group"),
Interscope Geffen A&M Records, a division of UMG Recordings, Inc.
(incorrectly named as "Interscope Records, Inc.") and Universal
Music-MGB NA LLC (incorrectly named as "Universal Music Publishing,
Inc."),[1] have infringed, and continue to infringe, their registered
copyright in the words (hereinafter "The Lyric") of a work entitled
"Thugz Prayer." (<u>See</u> Copyright Office Certificate of Registration
SRu545-307 [Complaint, Ex. A.].) The claim of infringement is
based on alleged substantial similarities between The Lyric and a

---

[1] <u>See</u> Higginson Decl., Apr. 19, 2010, ¶ 1.
    The docket does not show that the summons and complaint have been
served on any other defendant.

work entitled "Why" by Jason Phillips (who performs under the name "Jadakiss") and Anthony Hamilton, and distributed by the above defendants.  The parties' arguments relate to the issue whether The Lyric is infringed by the words of the Phillips/Hamilton work.  The Court has therefore not considered the works' respective accompanying music.[2]

The complaint alleges claims for (1) copyright infringement, (2) a preliminary injunction, (3) a permanent injunction, (4) an accounting, (5) impoundment, (6) violation of Section 43(a) of the Lanham Act, (7) unfair competition and misappropriation under state law, and (8) equitable relief, in the form of an order requiring defendants to credit plaintiffs as authors of the allegedly infringed work on all album covers, inserts and publications listing any musical credits for the allegedly infringing work or derivative thereof.

Defendants argue that plaintiffs' sixth claim, under the Lanham Act, § 43(a), and their eighth claim, for equitable relief, are foreclosed by the Supreme Court's decision in <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 123 S. Ct. 2041 (2003) (Def. Mem., Apr. 19, 2010, at 11-12), and plaintiffs do not argue to the contrary.  (Pl. Mem., May 10, 2010, <u>passim</u>.)

---

[2] The Court has been provided with a copy of the CD "Jadakiss, Kiss of Death" which contains the Phillips/Hamilton work "Why," but not with a recording of "Thugz Prayer."

Defendants also argue that plaintiffs' second, third, fourth, fifth and seventh claims are preempted by their first, copyright infringement, claim. (Def. Mem., Apr. 19, 2010, at 12-14.)  Again, plaintiffs do not argue to the contrary. (Pl. Mem., May 10, 2010, <u>passim</u>.)

All claims but the first are dismissed for the above reasons. The Court must consider the first claim.

**2.**

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(c) (judgment on the pleadings).  "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted).

On a motion under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor; the court may

> consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, ... and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit.  To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."

ATSI Comm's, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.
2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965
(2007) [(other citation and footnote omitted))].

**3.**

In a copyright infringement case, "[a] plaintiff must
first show that his or her work was actually copied." Laureyssens
v. Idea Group, Inc., 964 F.2d 131, 140 (2d Cir. 1992).  As a
leading commentator has explained:  "If a work was independently
created, absolute identity between the parties' works will not
result in liability."  William F. Patry, 3 Patry on Copyright
§ 9:17, at 9-36, (2010) (footnote omitted).  Copying must be
pleaded.  Hammer v. Amazon.com, 392 F. Supp. 2d 423, 431 (E.D.N.Y.
2005) ("Here, Plaintiff's copyright claims must be dismissed
because there is no allegation that anyone copied his work.")

Here, the complaint fails to allege that "Why" was copied
from The Lyric.

**4.**

To sustain a claim of copyright infringement, a
plaintiff must demonstrate first that a copyrighted
work was actually copied, and second, that the
copying amounted to an improper or unlawful
appropriation. After proving that the copyrighted
work was actually copied, a plaintiff must
establish that the copying was improper or unlawful
by showing that the second work bears a
"substantial similarity" to protected expression in
the copyrighted work.

4

Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc., 166 F.3d 65, 69-70 (2d Cir. 1999) (quoting Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997) [(other citations omitted))].

      "Since direct evidence of copying is rare, a court may infer it upon a showing that defendant had access to the copyrighted work, and that the allegedly infringing material bears a substantial similarity to copyrightable elements of plaintiff's work." Arica Inst., Inc. v. Palmer, 970 F.2d 1067, 1072 (2d Cir. 1992) (citations omitted). Here, plaintiff does not assert the existence of direct evidence of copying, but does allege facts from which access can be inferred (see Compl., ¶¶ 49-50), a sufficient showing on a Rule 12(c) motion.

      Plaintiffs must also show, however, substantial similarity to copyrightable elements of their work. "Even when plaintiff can show access, there is no infringement if the similarities between the works are not sufficient to prove copying. Further, if the proof establishes that one work was arrived at independently, without copying the other, there is also no infringement." Folio Impressions, Inc. v. Byer California, 937 F.2d 759, 765 (2d Cir. 1991) (citations omitted).

      "Generally, an allegedly infringing work is considered substantially similar to a copyrighted work if 'the ordinary observer, unless he set out to detect the disparities, would be

disposed to overlook them, and regard their aesthetic appeal as the same.'" <u>Boisson v. Am. County Quilts & Linens, Inc.</u>, 273 F.3d 262, 272 (2d Cir. 2001) (quoting <u>Folio Impressions</u>, 937 F.2d at 765.) "Shortly after <u>Folio Impressions</u> was decided, [the Second Circuit] reiterated that a 'more refined analysis' is required where a plaintiff's work is not 'wholly original,' but rather incorporates elements from the public domain." <u>Id.</u>, 273 F.3d at 272 (quoting <u>Key Publ'ns., Inc. v. Chinatown Today Publ'g Enters., Inc.</u>, 945 F.2d 509, 514)). In such a case "'what must be shown is substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed compilation.'" <u>Id.</u> (quoting <u>Key</u>, 945 F.2d at 514)).

**5.**

Plaintiffs' claim of infringement is premised on alleged substantial similarities between the words of the Phillips/Hamilton work "Why" and The Lyric.[3] (<u>See</u> Compl. ¶¶ 32, 36, 52, 53 & 54; <u>see also</u> Pl. Mem. in Opp. at 5-8 (specifying fifteen instances in which "the defendants pirated via paraphrasing" (<u>id.</u> at 5)).[4] Defendants argue that nothing in The Lyric that plaintiffs assert has been infringed is copyrightable expression.

_____

[3] The words of the works are set forth in Higginson Decl., Apr. 19, 2010, Exs. B (plaintiffs' work) and C (the Phillips/Hamilton work).

[4] Defendants have shown that some of the 15 instances do not involve the Phillips/Hamilton work "Why."

Substantial similarity "requires that the copying is quantitatively and qualitatively sufficient to support the legal conclusion that infringement (actionable copying) has occurred. The qualitative component concerns the copying of expression, rather than ideas, a distinction that often turns on the level of abstraction at which the works are compared." Ringold v. Black Entm't Television, Inc., 126 F.3d 70, 75 (2d Cir. 1997) (citation omitted). "It is 'a principle fundamental to copyright law' that 'a copyright does not protect an idea, but only the expression of an idea.'" Williams v. Crichton, 84 F.3d 581, 587 (2d Cir. 1996) (quoting Kregos v. Assoc. Press, 3 F.3d 656, 663 (2d Cir. 1993)) (other citations omitted).

Nor are "single words or short phrases[,] which do not exhibit the minimal creativity for copyright protection", protectable expression. Arica, 970 F.2d at 1072.[5]  And "[t]hat copyright does not extend to facts is a 'most fundamental axiom of copyright law.'" Nihon, 166 F.3d at 70 (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 344 (1991)). Historical events are "in the public domain and beyond the scope of

---

[5] "And though the 'ordinary' phrase may be quoted without fear of infringement, a copier may not quote or paraphrase the sequence of creative expression that includes such a phrase." Salinger v. Random House, Inc., 811 F.2d 90, 98 (2d Cir. 1987).

copyright protection." <u>Walker v. Time Life Films, Inc.</u>, 784 F.2d 44, 50 (2d Cir. 1986).

In the light of the applicable legal principles, defendants are correct in saying that the material in the Phillips/Hamilton work alleged to infringe The Lyric is not protectable expression.

The last section of plaintiffs' work uses the word "why" four times. (Higginson Decl. Ex. B at 2.) The Phillip/Hamilton work uses the same word over 50 times. (<u>Id.</u> Ex. C., <u>passim</u>.) Plaintiffs, however, cannot appropriate that single word, nor the use of questions in general. <u>Arica</u>, 970 F.2d at 1072. Plaintiffs' work refers to the deaths of musicians -- Aaliyah, Pac and Big (Higginson Decl. Ex. B at 2) -- and the Phillips/Hamilton work does the same. (<u>Id.</u> Ex. C, at 1 & 2.) The deaths of those artists are historical facts, however, not subject to copyright. <u>Nihon</u>, 166 F.3d at 70; <u>Walker</u>, 784 F.2d at 50. An examination of the relevant claimed instances of infringement by paraphrase (Pl. Mem., May 10, 2010, at 6-8) shows, at most, ideas similar to the compared phrases.[6] The expression is manifestly different in the relevant

---

[6] Defendant has pointed out that of the 15 claimed instances of paraphrasing cited, four -- Nos. 3, 9, 12 and 13 -- are not found in the Phillips/Hamilton work "Why" which is the subject of this action, but rather in other Jadakiss works. Higginson Reply Decl., June 11, 2010, ¶¶ 3-5.

instances.   Copyright protects only expression, not ideas.
<u>Williams</u>, 84 F.3d at 587.


     Plaintiff has shown, and defendant does not really
disagree, that common social issues are referred to both in The
Lyric and in the Phillips/Hamilton work.   But those issues, as
such, are themes or ideas.   The expression of those themes and
ideas is different in the two works.

     The Court recognizes that infringement analysis does not
necessarily end with comparison of words, phrases or sentences of
the allegedly infringed and infringing works.   In <u>Arica</u>, the Court
of Appeals pointed out that:

> The doctrine of "comprehensive non-literal
> similarity" allows copyright protection where there
> is no word-for-word or literal similarity but where
> defendant has nonetheless appropriated the
> "fundamental essence or structure" of plaintiff's
> work.   A plaintiff succeeds under this doctrine
> when it shows that the pattern or sequence of the
> two works is similar.

970 F.2d at 1073 (citations omitted).  Here, plaintiffs claim that,
"[w]hether or not individual parts of plaintiffs' copied work is
protectible, the defendants have clearly appropriated the
'fundamental essence and the structure of plaintiffs' work.'"  (Pl.
Mem., May 10, 2010, at 14 (quoting <u>Arica</u>, 970 F.2d at 1073).)

Plaintiff, however, does not show what the fundamental essence and structure of The Lyric is, no less how the Phillips/Hamilton work appropriates them.  That the two works touch on social issues expressed in different ways, is not what is prohibited by the quoted language from <u>Arica</u>.[7]

**6.**

For the reasons set forth above, defendants' motion for judgment on the pleadings is granted.

Plaintiffs may submit an amended complaint within 21 days of the date hereof, if they can do so consistently with Fed. R. Civ. P. 11.

**7.**

The Court does not find that plaintiffs' positions require the imposition of Rule 11 sanctions on them or their counsel.  Defendant's motion for sanctions is denied.

SO ORDERED.

Dated:  November 2 9, 2010

_____
Lawrence M. McKenna
U.S.D.J.

_____

[7] The "essence" of the works probably requires that the works be compared <u>with</u> their music.  The Court, as noted, has not been able to do that.  <u>See</u> n.1, <u>supra</u>.

10